TODD KIM, Assistant Attorney General
S. JAY GOVINDAN, Section Chief
MEREDITH L. FLAX, Deputy Section Chief
COBY HOWELL, Senior Trial Attorney
Wyoming Bar No. 6-3589
U.S. Department of Justice
Environment & Natural Resources Division
c/o U.S. Attorney's Office
1000 SW Third Avenue
Portland, OR 97204-2902
(503) 956-4170
Coby.howell@usdoj.gov

*Attorneys for Federal Respondents*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| STATE OF WYOMING, | ) | |
| | ) | |
| Petitioner, | ) | Case 2:23-cv-00092-ABJ |
| | ) | |
| v. | ) | **FEDERAL RESPONDENTS' MOTION** |
| | ) | **TO STRIKE OR IN THE ALTERNATIVE** |
| | ) | **REQUEST FOR LEAVE TO FILE A** |
| DEB HAALAND, in her official | ) | **SURREPLY** |
| capacity as Secretary of the United | ) | |
| States Department of the Interior; | ) | |
| MARTHA WILLIAMS, in her | ) | |
| official capacity as Director of the | ) | |
| United States Fish and Wildlife | ) | |
| Service, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

1

Federal Respondents move under Federal Rule of Civil Procedure 12(f) to strike the new arguments advanced by the Petitioner, State of Wyoming, in its reply brief (ECF No. 16).  For the reasons discussed below, the Court should strike pages 1-14, or in the alternative allow Federal Respondents leave to file a surreply or schedule oral argument.

Pursuant to Local Rule 7.1, counsel for the State of Wyoming has indicated that they will oppose this motion and the requested relief.

## ARGUMENT

A party may not raise new arguments for the first time in a reply brief.  *FDIC v. Noel*, 177 F.3d 911, 915-16 (10th Cir. 1999); *Otten v. BNSF Ry. Co.*, No. 22-8025, 2023 WL 1948626, at *4 (10th Cir. Feb. 13, 2023) ("A district court relying on new evidentiary materials or new arguments presented in a reply brief without permitting the nonmoving party an opportunity to respond amounts to an abuse of discretion.").  The rationale underlying this rule is straightforward.  An opposing party does not have an opportunity to respond to arguments made for the first time on reply and therefore is prejudiced.  *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000) (consideration of issues raised for the first time in a reply brief "robs the [other party] of the opportunity to demonstrate that the record does not support [the moving party's] factual assertions and to present an analysis of the pertinent legal precedent that may compel a contrary result."); *see also Sarl v. Sprint Nextel Corp.*, No. CIV.A. 09-2269-CM, 2011 WL 346083, at *3 n.2 (D. Kan. Feb. 2, 2011)

(collecting cases "stri[king] exhibits and arguments from [ ] reply brief[s] when the exhibits and discussion were raised for the first time in a reply brief"); *Beaird v. Seagate Tech.*, 145 F.3d 1159, 1164 (10th Cir. 1998).

Wyoming argues that advancing new arguments on reply is permissible because they were not on notice that Federal Respondents would contest standing. ECF No. 15 at 3 ("the State did not have an affirmative obligation to demonstrate Article III standing in its opening brief."). This argument is legally and factually incorrect.

The Supreme Court has been abundantly clear that it is the plaintiff or petitioner's burden to establish standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ("The party invoking federal jurisdiction bears the burden of establishing these elements."). Proving standing is an integral part of any case, just like proving a claim for relief. *Id.* ("Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation."). Inverting the burden, as Wyoming espouses, would be improper because it effectively asks the opposing party to disprove "an indispensable part of the plaintiff's case" contrary to the Supreme Court's instruction. *Id.* Moreover, there is no new-found requirement that the opposing side must object before the plaintiff or petitioner addresses standing because the Court must assure *itself* that

it has subject matter jurisdiction in every case.[1]  U.S. CONST. Art. III; *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir.1994).  Thus, Wyoming should have made its showing with its opening brief and its belated arguments are untimely.

But even if Wyoming's erroneous theory was correct, as a factual matter Federal Respondents reminded Wyoming at the status conference that in order to obtain judicial review of a U.S. Fish and Wildlife Service's decision, it must first establish jurisdiction.  Exhibit 1, June 21, 2023, Status Conference Hearing Transcript at p. 13, lines 17-20 ("assuming Wyoming can make the jurisdictional requirements. Yes, that's subject to judicial review.").[2]  Nevertheless, and despite expressly reminding Wyoming of its obligation to properly invoke the Court's

---

[1] Wyoming misconstrues *Virginia House of Delegates v. Bethune-Hill*, 587 U.S. —, —, 139 S.Ct. 1945, 1951 (2019).  The Supreme Court did not upend decades of jurisprudence with a stray sentence.  The context of that was case was different because it was discussing the obligation to address standing in the administrative process prior to the filing of a petition for review.  Moreover, if a plaintiff or petitioner has no obligation to establish standing in the absence of an objection by the opposing party, a court could never assure itself that it has subject matter jurisdiction under Article III.  Because federal courts are courts of limited jurisdiction, Wyoming's novel theory is flatly incorrect.  Wyoming's reliance on *US Magnesium, LLC v. US EPA*, 690 F.3d 1157, 1164 (10th Cir. 2012) is similarly misplaced.  That decision did not establish that a plaintiff or petitioner could knowingly refrain from attempting to establish standing until the opposing party objected.  It merely acknowledged that litigants could produce evidence at a later procedural stage, presumably with an opportunity for the opposing party to address the new submission.  In any event, as explained below, Wyoming did not provide any new evidence, but merely relies on new, belated legal arguments.

[2] The Court's question was directed at whether a "not warranted" finding was subject to judicial review, but those same jurisdictional requirements apply to Wyoming's claim in this case, as they do in all cases.  Even assuming Wyoming is correct that an entity need not demonstrate standing unless contested, Wyoming had sufficient prior notice that the government would contest jurisdiction if its showing was lacking.

jurisdiction, it did nothing.  And by waiting to address standing in its reply brief, Wyoming prejudiced Federal Respondents' ability to fully brief why it lacks standing.  Indeed, Wyoming effectively concedes the point.  ECF No. 15 at 5 ("They could have raised Article III standing as an issue in a motion to dismiss *or at the scheduling conference in this case.* Under either scenario, the Federal Respondents would have had the opportunity to affirmatively question the State's standing in an opening legal memorandum . . ..") (emphasis added).  Federal Respondents did not have an opportunity to fully address Wyoming's standing arguments and that is why the Court should strike Wyoming's new arguments on pages 1-14 of its reply brief.

If the Court does not strike the new arguments, it should provide Federal Respondents leave to file a surreply or schedule oral argument.  *Lexington Ins. Co. v. Precision Drilling Co.*, LP., No. 12-CV-70-ABJ, 2018 WL 8807146, at *2 (D. Wyo. Sept. 6, 2018) ("in general, 'the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply.'"), *aff'd sub nom. Lexington Ins. Co. v. Precision Drilling Co., L.P.,* 951 F.3d 1185 (10th Cir. 2020).

In brief, Wyoming has still failed to provide the Court with any evidence that establishes standing.  Wyoming attempts to rely on two documents to carry its burden: (1) the petition to delist (FWS00015-00044), and (2) the Federal Register notice for the ninety-day finding on the petition to delist (FWS00068-00070).  ECF No. 16 at 6.  But these two documents are plainly insufficient.  Wyoming's petition

and FWS's 90-day finding do not address how Wyoming is injured by the delay in issuing a 12-month finding.  In fact, the alleged injury had not even accrued when these documents were issued.  More importantly, these two documents never address what concrete injury Wyoming has suffered, much less its complicity in causing part of the delay it now complains of.  And the Supreme Court has been clear that a procedural violation alone is not sufficient to establish standing. *Summers v. Earth Island Inst.*, 555 U.S. 488, 498 (2009) ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation— a procedural right in vacuo—is insufficient to create Article III standing.").  Federal Respondents should be allowed leave to file a surreply or at least address this issue at oral argument.

## CONCLUSION

The Court should strike the arguments on pages 1-14 of Wyoming's reply brief.  In the alternative, the Court should grant Federal Respondents leave to file a surreply or schedule oral argument.

Dated:      September 30, 2023

TODD KIM, Assistant Attorney General
S. JAY GOVINDAN, Section Chief
MEREDITH L. FLAX, Deputy Section Chief

*/s/ Coby Howell*
COBY HOWELL, Senior Trial Attorney
Wyoming Bar No. 6-3589
U.S. Department of Justice
Environment & Natural Resources Division
c/o U.S. Attorney's Office
1000 SW Third Avenue

Portland, OR 97204-2902
(503) 956-4170
Coby.howell@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Wyoming by using the CM/ECF system, which will serve a copy of the same on the counsel of record.

*/s/Coby Howell*