Jay A. Jerde, WSB #6-2773
Special Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
(307) 777-5996
jay.jerde@wyo.gov

*Counsel for Petitioner State of Wyoming*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STATE OF WYOMING, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>DEB HAALAND, in her official capacity )<br>as Secretary of the United States )<br>Department of the Interior; )<br>MARTHA WILLIAMS, in her )<br>official capacity as Director of the )<br>United States Fish and Wildlife Service, )<br>)<br>Respondents. ) | Case No. 2:23-CV-00092-ABJ |

**Petitioner State of Wyoming's Response to
Motion for Leave to File Amicus Curiae Brief**

In a motion dated November 14, 2023, Robert H. Aland asks this Court for permission to file a brief as an amicus curiae in this case. (ECF_20). For the reasons stated below, this Court should deny his motion in its entirety.

In an administrative record review case before this Court, "motions for leave to file and the filing of amicus briefs shall be governed by [Rule 29 of the Federal Rules of Appellate Procedure]." U.S.D.C.L.R. 83.6(d) (alteration added). Under Rule 29, a proposed "amicus curiae that does not support either party must file its brief no later than 7 days after the appellant's or petitioner's principal brief is filed." Fed. R. App. P. 29(a)(6). The court, however, may grant leave for a later filing. *Id.*

"Participation as an amicus to brief and argue as a friend of the court is a privilege within the sound discretion of the court." *N. Arapaho Tribe v. Ashe*, Case No. 11-CV-347-J, 2012 WL 12915483, at *2 (D. Wyo. May 18, 2012) (citation omitted). "In exercising this discretion, courts have considered a variety of factors, including the interest of the movant, the opposition of the parties, the adequacy of representation, and timeliness." *Id.* (citation omitted). In this judicial district, whether the parties to the case oppose the request to participate as an amicus and whether the request is timely are "critical considerations" in addressing whether a party should be permitted to participate as a friend of the court. *N. Arapaho Tribe*, 2012 WL 12915483, at *3.

This Court should deny Aland's motion to participate as an amicus curiae for two reasons. First, Aland cannot satisfy either of the "critical considerations" identified in the *Northern Arapaho Tribe* case. Both parties to this case oppose Aland's participation as an amicus, (ECF_20 at 4), and a final decision in this case

will not directly affect Aland's rights. *See N. Arapaho Tribe*, 2012 WL 12915483, at *3. In addition, his proposed brief is not timely under Rule 29. Petitioner State of Wyoming filed its opening brief on August 4, 2023. (ECF_14). Therefore, under Rule 29, Aland should have filed his motion and brief in mid-August 2023, not in mid-November 2023.

Although this Court has discretion under Rule 29 to allow for the untimely filing of an amicus brief, Aland has not given this Court any legitimate reason to do so. He contends that his proposed brief is timely because "the case is at an early stage" and the parties will have "ample time" to respond to his brief. (ECF_20 at 4). This statement is factually incorrect – the merits briefing in this case has concluded and the Court has the merits under advisement. Allowing Aland to participate as an amicus thus will unnecessarily delay a final decision in this case.

Second, Aland's proposed amicus brief offers nothing of value to this case. He argues that this Court should consider his brief because it shows that the State of Wyoming has interpreted 16 U.S.C. § 1533(b)(3)(B) in this case differently than it interpreted language in 16 U.S.C. § 1533(b)(6)(A) in a 2008 case filed in federal district court in Idaho. (ECF_20 at 2-3). Aland accuses the State of making a "legal about-face between 2008 and 2023," (ECF_20 at 4), but does not explain how the State's interpretation of a different statutory provision in a case with different underlying facts that was litigated fifteen years ago in a different judicial district is

legally relevant here. As a result, Aland's proposed amicus brief will be of no help to this Court in this case.[1]

For the foregoing reasons, this Court should deny Aland's motion to for leave to file an amicus curiae brief in its entirety.

Dated this 16th day of November, 2023.

                              Attorney for Petitioner State of Wyoming

                              /s/ *Jay Jerde*
                              Jay Jerde, WSB #6-2773
                              Special Assistant Attorney General
                              Wyoming Attorney General's Office
                              109 State Capitol
                              Cheyenne, WY 82002
                              (307) 777-5996
                              jay.jerde@wyo.gov

---

[1] Aland also incorrectly asserts that in 2008 the State argued that the twelve month deadline in § 1533(b)(6)(A) is not mandatory. (ECF_20 at 3-4). On page 7 of its brief in the Idaho case, the State unambiguously stated that "[t]he legislative history of Section 1533(b)(6)(A) thus indicates that Congress intended for the mandatory time frames in Section 1533(b)(6)(A) to speed up agency action, not to limit such action." (ECF_20, Ex. 1 at 7) (alteration added).

## CERTIFICATE OF SERVICE

I certify that on this 16th day of November 2023, I electronically filed the foregoing with the Clerk of the U.S. District Court for the District of Wyoming and served all parties using the CM/ECF system. I also served the following via U.S. Mail and email to the following:

    Robert H Aland
    140 Old Green Bay Road
    Winnetka, IL 60093-1512
    rhaland@comcast.net

                                        /s/ *Jay Jerde*