

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STATE OF WYOMING,<br><br>      Petitioner,<br><br>vs.<br><br>DEB HAALAND, in her official capacity as Secretary of the United States Department of the Interior; MARTHA WILLIAMS, in her official capacity as Director of the United States Fish and Wildlife Service,<br><br>      Defendants. | Case No.  2:23-CV-92-ABJ |

## ORDER DENYING ROBERT H. ALAND'S MOTION FOR LEAVE TO FILE AMICUS CURAIE BRIEF

Before the Court is Movant Robert Aland's Motion for Leave to File Amicus Curiae Brief. (ECF No. 20). Mr. Aland is a retired lawyer residing in Illinois and is an activist in environmental areas. *Id.* at 1. Both the State of Wyoming and the U.S. Fish and Wildlife Service oppose the Motion. The Court, being fully advised, finds that the Motion should be denied.

### RULING OF THE COURT

Pursuant to Local Rule 83.6(d) "[u]nless otherwise ordered by the Court, motions for leave to file and the filing of amicus briefs are governed by Fed. R. App. P. 29." Under Appellate Rule 29, a movant, other than the United States, can only file an amicus brief

with leave of the Court or all parties' consent. "A district court exercises wide discretion in deciding whether to grant leave or deny leave to file an amicus brief." *U.S. v. Bd. Of Cty. Comm'rs of the County of Otero*, 184 F. Supp. 3d 1097, 1115 (D.N.M. 2015). While there is no Tenth Circuit case directly on point, the court appears to follow the letter of Appellate Rule 29 which dictates "a motion seeking leave to participate as amicus must, state the movant's interest, why an amicus brief is desirable, and why the matters asserted are relevant to the disposition of the case." *New Mexico Oncology and Hematology Consultants, Ltd v. Presbyterian Healthcare Services*, 994 F.3d 1166, 1175–76 (10th Cir. 2021) (quotations omitted). District courts within this circuit generally consider five factors when deciding whether to allow an amicus brief:

> (1) whether the proposed amicus is a disinterested entity;
> (2) whether there is opposition to the entry of the amicus;
> (3) whether counsel is capable of making arguments without the assistance of an amicus;
> (4) the strength of the information and argument presented by the potential amicus curiae's interests; and, perhaps most importantly
> (5) the usefulness of information and argument presented by the potential amicus curiae to the court.

*Bd. Of Cty. Comm'rs of the County of Otero, 184 F. Supp. 3d*, at 1115; *Pickup v. District Court of Nowata County, Oklahoma*, No. CIV 20-0346, 2023 WL 1394896, at *51 (N.D. Okla. Jan. 31, 2023); *Oregon-California Trails Association v. Walsh*, 467 F. Supp. 3d 1007, 1073 (D. Colo. 2020).

Here, both parties oppose the motion. Counsel is certainly capable of making these arguments but chose not to. The reason counsel did not make such argument is likely because it is not necessary or highly relevant to the disposition of the case. In other words,

it does not provide strong or useful information to the Court. While Movant may or may not have an interest in this case, all other factors weigh in favor of rejecting his brief.

Last, Movant's Motion is untimely. Petitioner's opening brief was filed August 8, 2023. A response was filed September 8, 2023, and a Reply on September 20, 2023. Thus, the issues presented by this case have been fully briefed for two months. Allowing Movant to file his motion at this point would greatly disrupt the proceedings. Accordingly, this Court will exercise its broad discretion and deny Movant's Motion for Leave to File Amicus Curiae Brief.

NOW, THEREFORE, IT IS ORDERED Robert Aland's Motion for Leave to File Amicus Curiae Brief is DENIED.

Dated this 21st day of November, 2023.

_____
Kelly H. Rankin
United States Magistrate Judge