FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2023 NOV 29 AM 11:07
MARGARET BOTKINS, CLERK
CHEYENNE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

**STATE OF WYOMING,**

Plaintiff,

v.

**DEB HAALAND,** in her official capacity as Secretary of the United States Department of The Interior, and **MARTHA WILLIAMS,** in her Official capacity as Director of the U. S. Fish And Wildlife Service,

Defendants.

Case No. 2:23-cv-00092-ABJ

**ROBERT H. ALAND'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF**

By Order dated November 21, 2023 (Doc. 23), the Court denied the November 15, 2023, Motion (Doc. 20) of Robert H. Aland ("Aland") to file an Amicus Curiae Brief. Aland requests the Court to reconsider that denial because it was clearly erroneous.

This Court stated the rule for considering motions for reconsideration in *Wilcox v. Magill*, 2011 WL 13193110 (D. Wy. 2011), aff'd on other grounds, 468 Fed. Appx. 849 (10th Cir. 2012), as follows (case citations, except 10th Circuit, omitted):

> The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See Hatfield v. Board of County Com'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995). However, where:
>
> > ... a party files a motion for reconsideration prior to the entry of judgment, Rules 59(e) and 60(b) do not apply. *Houston Fearless Corp. v. Teter*, 313 F.2d 91, 92 (10th Cir. 1962). Instead, the motion falls within a court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir.1980) (citing Fed.R.Civ.P. 54(b)); *see also Houston Fearless*

> *Corp.*, 313 F.2d at 92. However, in order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders. Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error.

The Court's initial error is its reliance on "district courts within this circuit" in Colorado, New Mexico and Oklahoma to provide five factors to be considered when deciding whether to allow an amicus brief (Doc. 23 at 2) without even considering ***this Court's*** decision in *Northern Arapahoe Tribe v. Ashe*, 2012 WL 12915483 (D. Wyo. 2012), which was decided by the same judge to whom this case is assigned. *Northern Arapahoe* is ***directly on point*** and was relied on by Aland in his Motion and Reply.

Turning to the five factors, the first clearly weighs in favor of granting Aland's Motion. Aland is a "disinterested entity" since, as stated in his Motion (Doc. 20 at 1), he does not support either party in this case and instead seeks to provide the Court with information it needs to reach the correct decision.

Second, there is opposition to Aland's entry as amicus by both parties, but, as discussed in Aland's Motion (Doc. 20 at 4 n. 4) and Reply (Doc. 22 at 1), relying on ***this Court's*** holding in *Northern Arapahoe*, that opposition is irrelevant when the other more relevant factors clearly weigh in favor of granting Aland's Motion.

Third, as stated in Aland's Brief (Doc. 20 at 4), under no circumstances will counsel for the parties present the arguments in the Amicus Brief to the Court. In fact, Wyoming and Defendants, by objecting, have told this Court that they do not want this Court to consider Wyoming's about-face. This factor also weighs in favor of granting Aland's Motion.

Fourth and fifth, the strength and usefulness of the information presented by Wyoming in the Amicus Brief are at the highest possible level, contrary to the Court's statement that "the reason counsel did not make such argument is likely because it is not necessary or highly relevant to the disposition of the case . . . . [and] does not provide strong or useful information to the Court" (Doc. 23 at 2-3). Wyoming's earlier brief (i.e., the subject of the Amicus Brief) dealt with ***precisely the same legal issue of statutory interpretation as this case***, as the table in Aland's Reply clearly shows (Doc. 22 at 2). It is difficult to understand why this Court would want to decide this case without taking Wyoming's earlier reasoning with regard to that issue into consideration. Thus, these factors also clearly weigh in favor of granting Aland's Motion.

Finally, the Court holds that the Motion is not timely and, therefore, would "greatly disrupt" the progress of the case. However, that holding surely is overstated. The information in the Amicus Brief is so important for the Court to consider ***before issuing a decision*** that any time before that issuance is timely.

The Amicus Brief will assist the Court in reaching the correct decision. The Court should reconsider its Order denying Aland's Motion as clearly erroneous.

Respectfully submitted,

Robert H. Aland

Robert H. Aland, Amicus Curiae

140 Old Green Bay Road
Winnetka, IL 60093-1512
Telephone: (847) 784-0994
E-mail: rhaland@comcast.net

November 24, 2023

**Certificate of Service**

Plaintiff certifies that on November 24, 2023, he filed the foregoing Motion by sending it via United States Postal Service Priority Mail to the Clerk of the Court at the following address:

Clerk of the Court
United States District Court
2120 Capitol Avenue
Room 2131
Cheyenne, WY 82001-3658

Plaintiff also certifies that on November 24, 2023, by previous agreement, he served the Motion by email on the following counsel of record for the parties:

Jay A. Jerde, Counsel for the State of Wyoming; and

Coby Howell, Counsel for Defendants.

Robert H. Aland

**Robert H. Aland**
140 Old Green Bay Road
Winnetka, IL 60093-1512
Telephone: (847) 784-0994
Fax: (847) 446-0993
E-mail: rhaland@comcast.net

RECEIVED
NOV 29 2023
CLERK, U.S.D.C.
CHEYENNE, WYOMING

November 24, 2023

*Via USPS Priority Mail*

Ms. Margaret Botkins
Clerk of the Court
United States District Court
2120 Capitol Avenue
Room 2131
Cheyenne, WY 82001-3658

***Re: State of Wyoming v. Haaland et al., No. 2:23-cv-00092-ABJ***

Dear Ms. Botkins:

I enclose the following document:

- Robert H. Aland's Motion for Reconsideration of Order Denying Motion for Leave To File Amicus Curiae Brief -- *for filing upon receipt*.

If you have any questions, please contact me.

Thank you in advance.

Sincerely,

Robert Aland

Enclosure (1)



Retail

P

US POSTAGE PAID

$9.65

Origin: 60093
11/24/23
1685440093-03

PRIORITY MAIL®

0 Lb 2.60 Oz

RDC 03

EXPECTED DELIVERY DAY: 11/28/23

C015

SHIP TO:

STE 2131
2120 CAPITOL AVE
CHEYENNE WY 82001-3658

USPS TRACKING® #

9505 5130 0338 3328 6137 14

PRIORITY® MAIL

...tic use.

...nce (restrictions apply).*

...tic and many international destinations.

...ration form is required.

...rding claims exclusions see the

...r availability and limitations of coverage.

...PE

FROM:

Robert H. Aland
140 Old Green Bay Road
Winnetka, IL 60093-1512

TO:

Ms. Margaret Botkins
Clerk of the Court
United States District Court
2120 Capitol Avenue
Room 2131
Cheyenne, WY 82001-3658

PS00001000014

EP14F July 2022
OD: 12 1/2 x 9 1/2

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

This package is made from post-consumer waste. Please recycle - again.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipme... Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; July 2022; All rights reserved.

MAIL

FLAT RATE ENVELOPE

ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

TRACKED ■ INSURED

PS00001000014

EP14F July 2022
OD: 12 1/2 x 9 1/2

VISIT US AT USPS.COM®

ORDER FREE SUPPLIES ONLINE

For Domestic shipments, the maximum weight is 70 lbs. For international shipments, the maximum weight is 20 lbs.


