

**FILED**

**Margaret Botkins**
**Clerk of Court**

11:48 am, 12/18/23

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STATE OF WYOMING,<br><br>Petitioner,<br><br>v.<br><br>DEB HAALAND, in her official capacity as Secretary of the United States Department of the Interior; MARTHA WILLIAMS, in her official capacity as Director of the United States Fish and Wildlife Service,<br><br>Respondents. | Case No. 23-CV-00092-ABJ |

## ORDER DENYING FEDERAL RESPONDENTS' MOTION TO STRIKE OR IN THE ALTERNATIVE REQUEST FOR LEAVE TO FILE SURREPLY AND REQUESTING SUPPLEMENTAL BRIEFING

THIS MATTER is before the Court on *Federal Respondents' Motion to Strike or in the Alternative Request for Leave to File Surreply* ("*Motion to Strike or File Surreply*") filed on September 30, 2023. ECF No. 18. Petitioner responded to the *Motion to Strike or File Surreply* on October 10, 2023. ECF No. 19. Having considered the written submissions, the applicable law, and being otherwise fully advised, the Court finds that Federal Respondents' *Motion to Strike or File Surreply* (ECF No. 18) is **DENIED**. Pursuant to this denial, the Court hereby **ORDERS** the parties to this litigation to file supplemental briefs on Petitioner's standing to bring this action.

## BACKGROUND

On May 24, 2023, the State of Wyoming ("Petitioner" or "State") filed its *Petition for Review of Final Agency Action Unlawfully Withheld*. ECF No. 1. Petitioners request this Court review the final agency action of Secretary of the United States Department of the Interior Deb Haaland and United States Fish and Wildlife Service Director Martha Williams (collectively, "Federal Respondents") for their alleged failure to make a timely final determination on the merits of the State of Wyoming's *Petition to Establish the Greater Yellowstone Ecosystem (GYE) Grizzly Bear (Ursus arctos horribilis) Distinct Population Segment (DPS) and Remove the GYE Grizzly Bear DPS from the Federal List of Endangered and Threatened Wildlife* ("petition to delist"). *Id.* at 1–2. In support of its *Petition for Review*, the State of Wyoming filed its *Opening Brief* on August 4, 2023. ECF No. 14. Despite the scope of Petitioner's *Opening Brief*, it failed to explicitly assert or establish the State of Wyoming's standing to invoke federal jurisdiction in this matter—an issue Federal Respondents addressed in their *Response Brief*. *See* ECF No. 14; *See* ECF No. 15 at 16–20. Specifically, Federal Respondents claim "Wyoming has failed to set forth *any* evidence of standing" and thus, failed to carry its burden of demonstrating standing necessary to invoke the jurisdiction of this Court. ECF No. 15 at 17.

Federal Respondents largely limited their discussion to the State's standing under Article III of the United States Constitution and this Court's limited judicial power to hear cases and controversies properly before it. *Id.* at 16–17. The State replied, in turn, with an assertion that "there is no question that the State has Article III standing in this case." ECF No. 16 at 2. Further, the State argued that it "did not have an affirmative obligation to

demonstrate Article III standing in its opening brief," and instead could establish its standing after Federal Respondents raised the issue in their response brief. *Id.* at 2–3. Federal Respondents subsequently moved this Court under Federal Rule of Civil Procedure 12(f) to strike the "new arguments" concerning standing that were advanced by the Petitioner in its reply or alternatively allow Federal Respondents leave to file a surreply or schedule oral argument. ECF No. 18 at 2.

## DISCUSSION

Standing is a threshold jurisdictional question. *Colo. Env't. Coalition v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004). Because standing is a requirement for subject matter jurisdiction, this Court must examine *sua sponte* where standing has been asserted. *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1166 (10th Cir. 1996) ("[A] court must raise the standing issue *sua sponte*, if necessary, in order to determine if it has jurisdiction."). Therefore, before the Court can address the merits of this matter, it must determine whether the Petitioner's action is properly before this Court. *See Summers v. Earth Island Inst.*, 555 U.S. 488, 489 (2009) ("[I]t is well established that the court has an independent obligation to assure that standing exists.").

As a doctrine, standing is composed of both constitutional and prudential restraints on the power of federal courts to render decisions. *The Wilderness Soc. v. Kane Cnty., Utah*, 632 F.3d 1162, 1168 (10th Cir. 2011) ("The Supreme Court's standing jurisprudence contains two strands: Article III standing, which enforces the Constitution's case-or-controversy requirement, . . . and prudential standing which embodies judicially self-imposed limits on the exercise of federal jurisdiction."). Petitioner notes the "Federal

3

Respondents have not specified whether they are challenging standing under Article III of the United States Constitution, statutory standing under the Endangered Species Act and the Administrative Procedure Act, or both." ECF No 16 at 2. Federal Respondents largely focus their discussion upon the constitutional standing of the State of Wyoming. *See* ECF No. 15.

To demonstrate constitutional standing and invoke the court's jurisdiction, a plaintiff must establish three elements:

> (1) he suffered an 'injury in fact'—'an invasion of a legally protected interests which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical'; (2) the injury is 'fairly traceable to the challenged action of the defendant'; and (3) it is likely the injury will be 'redressed by a favorable decision.'

*Kerr v. Polis*, 20 F.4th 686, 692 (10th Cir. 2021) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). "Article III standing requires a concrete injury even in the context of a statutory violation," and a mere procedural violation would not alone satisfy the injury-in-fact requirement. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). The party invoking federal jurisdiction, here the Petitioner, bears the burden of establishing the three elements for standing. *Id.* at 338; *Hollingsworth v. Perry*, 570 U.S. 693 (2013) ("[A]ny person invoking the power of a federal court must demonstrate standing to do so."). Even "at the pleading stage, the plaintiff must clearly . . . allege facts demonstrating each element." *Id.* However, the manner and degree of support necessary varies during different stages in the litigation. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on motion to dismiss we 'presum[e] that general allegations embrace those

4

specific facts that are necessary to support the claim.'"). Further, there are three general principles under the prudential standing doctrine: (1) the general prohibition on a litigant's raising another person's legal rights; (2) the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches; and (3) the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked. *Colorado Montana Wyoming State Area Conf. of NAACP v. United States Election Integrity Plan*, 653 F. Supp. 3d 861, 866 (D. Colo. 2023) (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 126 (2014)).

Despite Petitioner's failure to address the issue of standing in its *Opening Brief*, both parties have discussed their respective positions in subsequent filings. *See* ECF Nos. 15, 16, 18, 19. The Court deems it inappropriate and unproductive to disregard the discussion surrounding Petitioner's standing in this matter, and Federal Respondents' *Motion to Strike or File Surreply* (ECF No. 18) is denied. However, this denial does not discharge Petitioner's obligation to sufficiently establish its standing to bring this action, nor Federal Respondents' opportunity to refute Petitioner's standing to bring this action. Accordingly, the Court requests comprehensive supplemental briefing regarding whether the State of Wyoming has standing to challenge the final agency action of Secretary of the United States Department of the Interior Deb Haaland and United States Fish and Wildlife Service Director Martha Williams for their alleged failure to make a timely final determination on the merits of the State of Wyoming's *Petition to Establish the Greater Yellowstone Ecosystem (GYE) Grizzly Bear (Ursus arctos horribilis) Distinct Population Segment*

(DPS) and Remove the GYE Grizzly Bear DPS from the Federal List of Endangered and Threatened Wildlife ("petition to delist").

## CONCLUSION

Based on the foregoing discussion, **IT IS HEREBY ORDERED** that Federal Respondents' *Motion to Strike or File Surreply* (ECF No. 18) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner shall file the requisite additional brief on or before Tuesday, January 2, 2024. Federal Respondents shall file a response on or before Tuesday, January 16, 2024. Pursuant to U.S.D.C.L.R. 83.6(c), Petitioner may serve and file a reply brief within fourteen (14) days after service of the responsive brief.

Dated this 18th day of December, 2023.

*[signature]*
Alan B. Johnson
United States District Judge