IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

STATE OF WYOMING,

    Petitioner,

v.

DEB HAALAND, in her official capacity as Secretary of the United States Department of the Interior; MARTHA WILLIAMS, in her official capacity as Director of the United States Fish and Wildlife Service,

    Respondents.

Case No. 23-CV-00092-ABJ

### ORDER DENYING ROBERT H. ALAND'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF

THIS MATTER is before the Court on *Robert H. Aland's Motion for Reconsideration of Order Denying Motion for Leave to File Amicus Curiae Brief* ("*Motion for Reconsideration*") filed on November 29, 2023. ECF No. 24. Petitioner responded in opposition to the *Motion for Reconsideration* on December 6, 2023. ECF No. 25. Movant replied, in turn, on December 8, 2023. ECF No. 26. Having considered the written submissions, the applicable law, and being otherwise fully advised, the Court finds that Movant's *Motion for Reconsideration* (ECF No. 24) is **DENIED**.

## BACKGROUND

On May 24, 2023, the State of Wyoming ("Petitioner" or "State") filed its *Petition for Review of Final Agency Action Unlawfully Withheld*. ECF No. 1. Petitioners request this Court review the final agency action of Secretary of the United States Department of the Interior Deb Haaland and United States Fish and Wildlife Service Director Martha Williams (collectively, "Federal Respondents") for their alleged failure to make a timely final determination on the merits of the State of Wyoming's *Petition to Establish the Greater Yellowstone Ecosystem (GYE) Grizzly Bear (Ursus arctos horribilis) Distinct Population Segment (DPS) and Remove the GYE Grizzly Bear DPS from the Federal List of Endangered and Threatened Wildlife* ("petition to delist"). *Id.* at 1–2. In support of its *Petition for Review*, the State of Wyoming filed its *Opening Brief* on August 4, 2023. ECF No. 14. Federal Respondents filed their response on September 8, 2023, and Petitioners replied on September 20, 2023. ECF No. 15; ECF No. 16.

On November 15, 2023, Robert H. Aland ("Movant" or "Mr. Aland"), a retired lawyer, adjunct professor, and environmental activist, filed his *Motion for Leave to File Amicus Curiae Brief*. ECF No. 20. In his motion, Mr. Aland asserted that he supports neither party in this matter, and instead seeks to provide pertinent information to this Court related to the "key deadline issue" in an effort to "allow the Court to have complete and relevant information it needs to reach a correct decision with regard to the deadline issue." *Id.* at 1–2. Chief Magistrate Judge Kelly H. Rankin issued an *Order Denying Robert H. Aland's Motion for Leave to File Amicus Curiae Brief* on November 21, 2023. ECF No. 23. In his order, Chief Magistrate Judge Rankin evaluated the five factors courts generally

consider when analyzing whether to allow an amicus brief. *Id.* Judge Rankin found that both parties oppose the motion, counsel is capable of making arguments without the assistance of an amicus, and the information movant presents likely does not provide strong or useful information to the Court. *Id.* at 2–3. Movant now asks the Court to reconsider the magistrate's decision denying the Movant's motion for leave to file amicus curiae. ECF No. 24. While Movant's motion is styled as a "Motion for Reconsideration," the substance of the motion is consistent with an objection to a ruling by a magistrate judge. Therefore, the Court will treat Movant's *Motion for Reconsideration* as an objection to the magistrate's order and sets forth the applicable standard[1] to do so in the subsequent discussion.

## STANDARD OF REVIEW

Upon timely objection, a district court may set aside a magistrate's order on a non-dispositive pretrial matter upon timely objection if "any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997) ("The district court must defer to the magistrate judge's ruling unless it is clearly erroneous or contrary to law."). Under the clearly erroneous standard, "the reviewing court [must] affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"

---

[1] Movant argues the Court should reconsider the magistrate judge's decision "because it was clearly erroneous." ECF No. 20 at 1. Movant states the applicable standard of review of his motion for reconsideration is set forth by this court in *Wilcox v. Magill*, No. 10-CV-210-J, 2011 WL 13193110 (D. Wyo. Mar. 15, 2011). In *Wilcox*, the court elaborated that while the Federal Rules of Civil Procedure do not specifically provide specific analytical guidelines regarding motions for reconsideration, "[r]egardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error." *Id.* at *2. Movant proceeds to provide his argument under a presumed clearly erroneous standard, the same applicable standard articulated under Rule 72(a) of the Federal Rules of Civil Procedure.

*Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006). "Under the 'contrary to law' standard, the district court conducts a plenary review of the magistrate judge's purely legal determinations, setting aside the magistrate judge's order only if it applied an incorrect legal standard." *Jensen v. Solvay Chem., Inc.*, 520 F. Supp. 2d 1349, 1351 (D. Wyo. 2007) (citing *Wyoming v. United States Dep't of Agric.*, 239 F.Supp.2d 1219, 1236 (D. Wyo. 2002)). "In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge." 12 Wright, Miller & Marcus, *Federal Practice and Procedure* § 3069 (2d ed. 1997). "[M]ere disagreement with [a] Magistrate Judge['s] recommendation does not make the recommendation incorrect or outside the bounds of [his] authority." *Rader v. United States*, No. 08-cv-00568-WDM-MEH, 2008 WL 4949168, at *3 (D. Colo. Nov. 17, 2008).

## DISCUSSION

Mr. Robert H. Aland seeks leave to file a proposed amicus curiae brief in this matter to provide the Court with supplemental information regarding the deadline issue in dispute. ECF No. 20. Upon denial of his motion seeking leave to file as amicus curiae, Movant argues the magistrate judge's decision is "clearly erroneous." ECF No. 24. The Court, however, finds no clear error in the magistrate judge's order.

"Historically, amicus curiae is an impartial individual who suggests the interpretation and status of the law, gives information concerning it, and advises the Court in order that justice may be done, rather than to advocate a point of view so that a cause may be won by one party or another." *WildEarth Guardians v. Lane*, No. 12–CV–0118

LFG/KBM, 2012 WL 10028647, *2 (D.N.M. June 20, 2012) (internal quotations and citation omitted). Federal courts exercise broad discretion to allow participation of amicus curiae. *N.M. Oncology & Hematology Consultants, Ltd v. Presbyterian Healthcare Servs.*, 994 F.3d 1166, 1175 (10th Cir. 2021). Generally, "motion for leave to file and the filing of amicus briefs shall be governed by Fed. R. App. P. 29." U.S.D.C.L.R. 83.6(d). Under Rule 29 of the Federal Rules of Appellate Procedure a motion to participate as amicus curiae must state the "the movant's interest," "the reason why an amicus brief is desirable," and "why the matters asserts are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3). As stated by the magistrate judge, the factors courts generally consider when exercising its discretionary grant or denial for leave to participate as amicus curiae include:

> (1) whether the proposed amicus is a disinterested entity;
> (2) whether there is opposition to the entry of the amicus;
> (3) whether counsel is capable of making arguments without the assistance of an amicus;
> (4) the strength of the information and argument presented by the potential amicus curiae's interests; and, perhaps most importantly
> (5) the usefulness of information and argument presented by the potential amicus curiae to the court.

ECF No. 23 at 2 (citing *U.S. v. Bd. Of Cty. Comm'rs of the County of Otero*, 184 F. Supp. 3d 1097, 1115 (D.N.M. 2015); *Pickup v. District Court of Nowata County, Oklahoma*, No. CIV 20-0346, 2023 WL 1394896, at *51 (N.D. Okla. Jan. 31, 2023); *Oregon-California Trails Association v. Walsh*, 467 F. Supp. 3d 1007, 1073 (D. Colo. 2020)).

Movant argues the magistrate judge's order does not put proper analytical weight to the factors and considerations discussed within *Northern Arapaho Tribe*. ECF No. 24 at 2. I disagree. Specifically, the court in *Northern Arapaho Tribe* states that pursuant to a

court's discretionary decision regarding amici, "courts have considered a *variety* of factors, including the interest of the movant, the opposition of the parties, the adequacy of representation, and timeliness." *Northern Arapaho Tribe v. Ashe*, No. 11-CR-347-J, 2012 WL 12915483, at *2 (D. Wyo. May 18, 2012) (emphasis added). The key consideration in this matter is the comprehensive examination of this variety of factors, which are properly articulated and examined in the magistrate judge's order. The factors articulated in *Northern Arapaho Tribe* are relevant, as Movant suggests. However, Movant's emphasis upon this singular case in relation to the outcome of his motion is misplaced.

As to the five factors[2] upon which the magistrate judge rendered his decision, this Court similarly agrees and finds no clear error. As to the second factor, the magistrate judge notes that the parties to this litigation oppose Mr. Aland's participation as amicus curiae. ECF No. 23 at 2. Movant asserts that opposition to his participation is irrelevant when the other factors weigh in favor of granting his motion and he attempts to analogize the party's opposition to his entry as amicus in this matter to the discussion in *Northern Arapaho Tribe*. ECF No. 24 at 2. This assertion is incorrect. In *Northern Arapaho Tribe*, this Court stated, despite party opposition, "when a court's decision would directly affect a person or entity's rights or would set a controlling precedent regarding a claim of that person or entity, leave to file an amicus curiae brief may be allowed." *Northern Arapaho Tribe v. Ashe*, No. 11-CR-347-J, 2012 WL 12915483, at *2 (D. Wyo. May 18, 2012). The Court in *Northern*

---

[2] Chief Magistrate Judge Rankin did not make a specific finding regarding whether Mr. Aland is an interested or disinterested party. ECF No. 20 at 3. Movant first states he has a "direct personal interest in the outcome of this case in light of his past, and anticipated future, litigation." ECF No. 20 at 3. However, he later claims he is a "'disinterested entity' since, . . . he does not support either party in this case." ECF No. 24 at 2.

*Arapaho Tribe* found that if a party's interest were "too directly implicated," this consideration weighed in favor of granting a party's request to participate as amicus curiae. *Id.* The presence of opposition is not irrelevant, as Movant argues, it is instead highly relevant to the Court's consideration. But Mr. Aland is not "too directly impacted," nor does he seem to allege as much.

As to the third factor, Movant states he is presenting information to the Court that neither party to this litigation intends to present. ECF No. 24 at 2. This misstates the consideration of the Court to examine whether counsel is *capable* of making arguments without the assistance of amicus. The magistrate judge found that if counsel failed to raise these arguments, perhaps the arguments are "not necessary or highly relevant to the disposition of the case." ECF No. 23 at 2. Counsel in this matter is capable of making these arguments before the Court, and the parties in this matter are not incapable of addressing the issues in this case without Movant's participation.

Finally, as to the fourth and fifth factors, the magistrate judge found that the information provided by Movant did not provide strong or useful information to the Court. Movant seeks to present an amicus curiae brief highlighting a "legal about-face" regarding the State of Wyoming's interpretation of mandatory Endangered Species Act deadlines in a 2008 case filed by the Movant in in federal district court in Idaho. ECF No. 20 at 4. However, aside from highlighting the difference in statutory interpretation between this matter and the previously litigated matter, Movant fails to provide details as to the legal significant of the State's 2008 interpretation in light of the current litigation. This Court

agrees that the information and argument presented by Movant does not seem to provide strong or useful information to this Court in rendering it decision.

Further, this is an Administrative Procedure Act matter raising challenges under the Endangered Species Act. *See* ECF No. 1. Judicial review of a final agency action is based on the full administrative record and the necessary filings provided by the parties to this litigation. *See Citizens to Pres. Overton Park v. Volpe*, 401 U.S. 402, 420 (1971). Movant does not present sufficient argument to permit expanding the bounds of the administrative record to include reference to the 2008 litigation and the statutory interpretation by the State of Wyoming. *See Alameda Water & Sanitation Dist. v. Browner*, 9 F.3d 88, 91 (10th Cir. 1993) ("The opportunity to offer extraneous evidence beyond the administrative record, and thus beyond the scope of the narrow issue before the district court," is not a legally protected interest.).

Chief Magistrate Judge Rankin also appropriately found Movant's motion was untimely. Under Rule 29 of the Federal Rules of Appellate Procedure, "[a]n amicus curiae that does not support either party must file its brief no later than 7 days after the appellant's or petitioner's principal brief is filed." Fed. R. App. P. 29(a)(6). "A court may grant leave for later filing," and in its discretionary grant may consider the length of time the movant knew of its interest in the case." *Id.*; *See Utah Ass'n of Cntys. V. Clinton*, 255 F.3D 1246, 1250 (10th Cir. 2001). As stated by the magistrate judge, the State of Wyoming filed is opening brief on August 8, 2023, Federal Respondents responded on September 8, 2023, and Petitioners replied on September 20, 2023. At the time of Movant's motion for leave to file amicus curiae, the case was fully briefed for two months. Given the nature of this

matter and Movant's stated strong interest in wildlife issues, the Movant knew or should have known of the case's pendency and his interest in the litigation to timely seek leave to participate as amici curiae. Accordingly, Movant's *Motion for Leave to File Amicus Curiae Brief* was untimely and the Court will not exercise its discretion in granting leave for a later amicus curiae filing.

The Court recognizes that the amicus brief is opposed, counsel is capable of making arguments without the assistance of an amicus, and the strength and usefulness of the information presented in a potential amicus brief are minimal. Further, the Court also recognizes that Movant's motion was untimely in this matter. The magistrate judge properly weighed these factors against granting leave to file the amicus brief. Accordingly, Chief Magistrate Judge Rankin appropriately denied Movant's *Motion for Reconsideration*.

## CONCLUSION

Based on the foregoing discussion, **IT IS HEREBY ORDERED** that Movant's *Motion for Reconsideration* (ECF No. 24) is **DENIED**.

Dated this 21st day of December, 2023.

Alan B. Johnson
United States District Judge